## Blair v. Commonwealth.

(Decided December 18, 1925.)

### Appeal from Grayson Circuit Court.

1. Intoxicating Liquors—Evidence Held to Support Conviction for Manufacturing.—In prosecution for manufacturing liquor, evidence held sufficient to support conviction.
2. Criminal Law—Credibility of Witness for Jury.—Question of credibility of witness is for jury.
3. Witnesses—Question by Commonwealth's Attorney to Sheriff Held Not Objectionable as Leading.—In prosecution for manufacturing intoxicating liquor, question asked of sheriff by Commonwealth, "Did you get any stills at the time you arrested this man?" held not objectionable as leading.
4. Criminal Law—Comment upon Suggestion of Accused's Counsel Not to Argue Case Held Violation of Proprieties but Not Prejudicial Error.—In prosecution for manufacturing intoxicating liquor, comment by counsel for Commonwealth that counsel for accused had suggested case be submitted without argument was violation of proprieties and not altogether professional, but not so prejudicial as to require reversal.

JAMES T. BASHAM for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The indictment on which appellant, Blair, was convicted, accused him of unlawfully manufacturing intoxicating liquors, and he was fined $400.00 and given sixty days in the county jail. He complains of the judgment and asks a reversal because, as he says, the trial court admitted incompetent evidence against him, and because of the improper argument and conduct on the part of the Commonwealth's attorney, and because the verdict of the jury is not sustained by the evidence. We will consider the last ground first because it necessitates a brief statement of the evidence.

It is admitted by Blair that he was at a moonshine still at night at a time when whiskey was being made, but he denies he had any interest in the still or assisted in its operation. Learning of the location of the still the sheriff, Robert Bond, with a *posse* of two or three men went to the scene just after dark. Instead of one there were two stills located closely together, one on either side of the branch in a hollow, not far from appellant's home. The officers crept up as close as they could and saw appellant and two other men at the still. Each still was in full operation. According to the testimony of the sheriff and his deputies, appellant was helping in the operation of the still. They say he carried a lantern to aid the other men in doing their work; that appellant chopped wood with which to fire the furnace, fed the fires and dipped mash from one barrel to another while they were watching him. If this be true he was as guilty as the owner of the stills, even though he had no interest in them save as a helper. He testified that he was not interested in the stills but visited them only for the purpose of getting a drink of still beer; and further, that he was looking for a man whom he thought might be at the still. We think the evidence abundantly supports the verdict of guilty, the only question being one of credibility of the witnesses and that was for the jury.

Appellant seriously complains that the Commonwealth's attorney asked many leading questions of the witnesses and that this manner of interrogation was greatly to his prejudice and brought about his conviction. In his brief he cites the following question which was propounded by the attorney for the Commonwealth to the sheriff as especially objectionable: "Did you get any stills at the time you arrested this man?" Appellant says this question suggested the answer, but we cannot agree with him, for the witness may well have said he did not get a still if the fact had been such. Some other questions of about the same nature are complained of, but we do not think they were of such a leading nature as to have prejudiced the substantial rights of appellant, especially in view of the fact that appellant admitted his presence at the still when the sheriff arrived, the only question of fact being the interest or ownership of appellant in the whiskey making outfit. These objections are not well taken.

Appellant next complains that the attorney for the Commonwealth stated to the jury in argument, "I do not

blame counsel for defendant for not wanting to argue the case.'' And further with respect to appellant operating the still, ''Not only is he doing it himself but he is leading those two boys astray.'' Referring to the two young men who were found at the still with him; and, further, ''Will you believe him as to what this poor little cat's-paw whom he shoved out in front of him and got to plead guilty?'' The objection to the last statement was sustained insofar as it referred to the obtaining of another defendant to plead guilty, the court saying to the jury:

> ''The objection is overruled, except so much of the argument as assumed that the defendant got Oliver Stillwell to plead guilty; there was no evidence on that question, and that was merely the conclusion of the attorney and it is excluded.''

The objections to the other statements were overruled. Counsel for Commonwealth should not have commented upon the fact that counsel for appellant had suggested that the case be submitted without argument, for that is a violation of the proprieties and is not altogether professional, and besides is not pertinent to the case, but we do not think it was so prejudicial in this case as to require a reversal of the judgment.

Judgment affirmed.